James D. Hurley, S.
This is an appeal from a pro forma tax order filed in the Wayne County Surrogate’s Office determining the estate tax payable pursuant to the provisions of the New York State Tax Law.
Schedule G of the return sets forth a trust indenture, dated March 29, 1954, with the decedent as the settlor and Central Trust Company, Bochester, New York, as the trustee in and by the terms of which $66,000 was paid to the trustee to be used for the benefit of the minor children of the decedent in accordance with the terms of said trust agreement.
The decedent died on January 18, 1955, some 10 months after the execution of the trust.
It is the contention of the State Tax Commission that since the trust agreement was executed and the money paid less than three years prior to the date of death of the decedent that the same should be deemed to have been made in contemplation of death and should have been included in the gross estate. (Tax Law, § 249-r, subds. 3, 12.) In the tax return as filed this transfer was not included in the gross estate.
From the order approving said tax return and fixing the tax the State Tax Commission appealed.
It appears from the papers filed with the tax return and from the testimony taken, that as far back as 1949, the testator discussed with his attorney the establishment of a trust for his children. This was just before the birth of the second child and the testator wanted to establish a trust fund for both of his children. Testator’s attorney corresponded with the Central Trust Company, the proposed trustee, over a period from April 10, 1949 through June 2, 1950. This correspondence related to the terms of a proposed trust agreement. A proposed trust agreement was drawn around the 1st of June, 1950 but was never signed.
The testimony indicates that thereafter the decedent spoke to his attorney on several occasions about creating the trust and in or about October, 1950 opened a special account in the Wolcott Bank from which the trust funds were eventually paid *1001 to the trustee on the 3d day of April, 1954. The testimony and the bank records indicate that during the period between the time the trust agreement was originally discussed and the time of the actual execution thereof and payment of the money to the trustee, decedent loaned substantial sums of money to the O. A. Skutt Company, Inc., a close corporation of which decedent was the principal stockholder and president. It further appears that decedent accumulated enough funds to execute the agreement and pay the money to the trustee around the 3d day of April, 1954.
All of this evidence satisfies the court that this trust was not executed in contemplation of death nor was the payment made in contemplation of death. It was originally conceived as a trust for the benefit of one living child and the child about to be born. The fact that it was not carried out sooner was due to the necessity of advancing funds to the corporation.
While there is some evidence that decedent underwent an operation shortly after the execution of the trust in the year 1954, it was more or less in the nature of an exploratory operation. He recovered from the operation and attended to his business until the very day he died.
Under all these circumstances, I determine that the trust was not in fact executed in contemplation of death within the meaning of the Tax Law. (Matter of Battey, 111 N. Y. S. 2d 359, and cases therein cited.)
The appeal is therefore denied and the determination affirmed.
Prepare order accordingly.